## E. G. Crane v. J. W. Eddy, for the use of, etc.

1. REAL ESTATE AGENT — *When Entitled to His Commissions.*— Where plaintiff, as agent, sold a farm for defendant, and notes and a trust deed securing them were taken for part of the purchase money, and defendant agreed in writing to pay plaintiff a certain sum as his commission for making the sale, " to be paid out of the purchase money as it is paid to me on the various payments, in proportionate amounts," and part of the purchase money was paid, and part of the land released, and afterward the trust deed was foreclosed and defendant bought in the rest of the land in full satisfaction of the purchase money, *held:*

1st. That plaintiff thereby became entitled to all his commission, the same as if the purchase money had been collected in any other manner.

2d. That after releasing part of the land, defendant can not avail of the failure of some stranger to bid enough for the rest to pay the entire debt, to defeat the commission.

Assumpsit.—Appeal from the Circuit Court of Kane County; the Hon. HENRY B. WILLIS, Judge, presiding. Heard in this court at the October term, 1900. Affirmed. Opinion filed February 13, 1901.

A. J. HOPKINS, F. G. HANCHETT, F. A. DOLPH and R. B. SCOTT, attorneys for appellant.

FRANK G. PLAIN and ALSCHULER & MURPHY, attorneys for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

This was a suit by Eddy against Crane to recover upon an instrument dated April 8, 1892, signed by Crane, the body of which was as follows: "Due J. W. Eddy, or order, eight hundred fifty-four dollars and twenty-four cents as his commission on sale of my farm to A. Jernberg. The same to be paid out of the purchase money as it is paid to me on the various payments, in proportionate amounts, with interest at six per cent per annum." A suitable amended declaration was filed, the general issue was pleaded, and there was a stipulation defendant might prove all defenses thereunder. A jury was waived, and the facts were agreed upon. The court rendered judgment for plaintiff for $817.42, and defendant appeals.

Crane owned a farm, and Eddy was a real estate broker. Prior to April 8, 1892, Eddy had been endeavoring to sell Crane's farm, and on that day he negotiated a sale thereof to A. Jernberg, and Crane deeded the premises to Jernberg. The amount of cash paid down is not shown, but for the deferred payments Jernberg executed five notes to Crane for different amounts aggregating $10,377, due at various dates from December 31, 1892, to May 10, 1896, with interest at six per cent per annum before and seven per cent after maturity, and secured said notes by a trust deed on the land to J. O. Curry, trustee. The instrument in suit evidences the agreement of Crane to pay Eddy commissions for making the sale. Jernberg paid the first two notes, aggregating $2,306, and interest, and Crane released portions of the land from the trust deed. Jernberg failed to pay the last three notes when due, but became insolvent. Crane and Curry filed a bill to foreclose the trust deed, and obtained a decree finding due Crane on said notes $9,178.58, and directing the sale of the part not released. Pursuant to that decree the master in chancery advertised for sale that part of the farm not released, and at that sale Crane bid in the premises for $9,605.60, being the amount found due him by the decree, and interest thereon, and costs and solicitor's fees. The amount due Crane at the time of that

sale was $9,230.85, and he did not pay that sum in cash to the master and receive it back from the master, but instead executed and delivered to the master a receipt for the last named sum, in satisfaction of the debt and interest due him under the decree. The sale was confirmed. When Jernberg paid the first two notes Crane made proportionate payments to Eddy on the instrument in suit, and they were indorsed on the back thereof, the total of four payments so indorsed being $307.02. After the foreclosure sale was approved Eddy demanded of Crane payment of the balance of the sum specified in said instrument, but Crane refused to pay.

If any one else had bought at the master's sale and paid the money to the master, and the master had paid Crane the full amount of the decree in cash, it is clear that Crane would then have become liable to pay Eddy the balance unpaid upon the instrument here in suit, for the reason that he would thereby have collected all his purchase money in one of the ways provided for when the farm was sold. If Jernberg or any other person entitled had redeemed from the sale, clearly Crane would have been liable to Eddy for the balance unpaid upon this instrument. We fail to see why the fact that Crane chose to bid for the farm the full amount of the purchase money remaining unpaid, and the costs, and that no one raised his bid, and no one redeemed from the sale, should produce a different result as to Crane's liability upon the instrument sued upon. Jernberg's notes and the purchase money debt they evidenced, are fully paid, satisfied and discharged, by the decree and sale to Crane. They have been satisfied in one of the ways Crane and Jernberg contracted they might be discharged. Again, there is no claim the farm is not worth all Crane bid for it. Suppose instead of bidding the full amount due himself, he had let others bid, and if no bid was made, let the sale be continued till another date. It can not be assumed no one else would have offered a bid. If some one had bid a thousand dollars less, and the sale had been effected, then upon Crane's recovering nearly the entire amount due him, Eddy would

be entitled to a proportionate amount of his commissions, leaving a small part only of his commissions not yet due, because a small part of the purchase money was still uncollected. Because Crane did not let strangers get the farm at something less than the full amount remaining unpaid, but to protect himself, bid the full amount, and no one cared to bid more, is that precaution by Crane to defeat Eddy entirely? To state the proposition seems to us to show it can not be just. There is another consideration arising from the record before us which appears decisive against Crane. When Jernberg paid the first two notes Crane caused the trustee to release part of the lands from the lien of the trust deed. It is not shown there was any provision in the trust deed that part of the land should be released when part payment was made, nor is it shown that Eddy consented to the release. All the land was security for each part of the debt. It may well be that if Crane had not released part of it, the entire farm would have sold at master's sale to a stranger for the full amount due, and Crane would have received payment in full in money. If no one would bid for the unreleased lands more than the entire amount remaining unpaid, that should not be permitted to injure Eddy, who is not shown to be responsible for or consenting to the release. We are of opinion that this case should be treated the same as if any other person had bid and paid the same amount; that the debt for the purchase money having been paid and discharged in one of the ways provided by the contract between the parties, Eddy is entitled to his pay.

The judgment is affirmed.